UNITED STATES of America,
Plaintiff-Appellee,

v.

Bradford Lamarr PATTERSON,
Defendant-Appellant.

Nos. 86–5016, 86–5271.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 1987.

Decided July 7, 1987.

David A. Katz, Los Angeles, Cal., for plaintiff-appellee.

Burton Marks, Beverly Hills, Cal., for defendant-appellant.

Before SNEED, KOZINSKI and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Bradford Lamarr Patterson appeals: (1) his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. App. § 1202(a); and (2) the denial of his Federal Rule of Criminal Procedure 35(a) motion that challenged the enhancement of his sentence under 18 U.S.C. § 3147 for committing an offense while released on federal bond. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## FACTS AND PROCEEDINGS

In 1984, Patterson was convicted of two federal felonies. In 1985, while he was out on bail pending appeal from these 1984 convictions, police found a hand gun in the house where he was living in Los Angeles, California. According to police testimony at trial, Patterson admitted the gun was his. The gun bore an imprint that it had been manufactured in Miami, Florida. A jury convicted Patterson of being a felon in possession of a firearm which had previously moved in interstate commerce, a felony under 18 U.S.C.App. § 1202(a).[1] In January 1986, Patterson was sentenced for this offense to six months plus two years in custody. The two-year portion of the sentence was imposed under the sentence enhancement provisions of 18 U.S.C. § 3147.[2] His sentence was enhanced because he had committed the firearm offense while he

was out on bail pending appeal from his 1984 felony convictions.

On August 13, 1986, in a motion filed under Federal Rule of Criminal Procedure 35(a), Patterson challenged the two-year sentence enhancement. He contended that the sentence enhancement statute, 18 U.S.C. § 3147, did not become effective until October 12, 1984; that he had been released on bail on October 9, 1984, pending appeal from his 1984 convictions; and that since he was already out on bail when the sentence enhancement statute became effective, its application to him violated the *ex post facts* clause of the Constitution. His motion was denied. He then filed these consolidated appeals from his conviction of the firearm offense under 18 U.S.C. App. § 1202(a) and from the denial of his Rule 35(a) motion challenging his sentence enhancement.

## DISCUSSION

A. *The 18 U.S.C.App. § 1202(a) Firearm Conviction*

Patterson challenges his firearm conviction on the ground of insufficiency of the evidence. In considering an appeal on this ground we view the evidence in the light most favorable to the government. We will not reverse Patterson's conviction if there is substantial evidence upon which a reasonable jury could have found him guilty beyond a reasonable doubt. *United States v. Douglass*, 780 F.2d 1472, 1476 (9th Cir.1986). Each element of the crime charged must be proved beyond a reasonable doubt. *Id.*

Patterson contends the government failed to prove that the gun he allegedly possessed had moved in interstate commerce, or that he had possessed it.

---

1. 18 U.S.C.App. § 1202(a) was repealed by Pub.L. 99–308, § 104(b), May 19, 1986, 100 Stat. 459. The crime sometimes referred to as "felon in possession of a firearm" is now codified at 18 U.S.C. § 922(g).

2. 18 U.S.C. § 3147 provides:
 A person convicted of an offense committed while released pursuant to this chapter shall be sentenced, in addition to the sentence prescribed for the offense to—

(1) a term of imprisonment of not less than two years and not more than ten years if the offense is a felony; or
 (2) a term of imprisonment of not less than ninety days and not more than one year if the offense is a misdemeanor.
 A term of imprisonment imposed pursuant to this section shall be consecutive to any other sentence of imprisonment.

### 1. *Interstate Commerce*

 The required nexus between a firearm and interstate commerce for a conviction under 18 U.S.C.App. § 1202(a) can be established by showing the weapon previously traveled in interstate commerce. *United States v. Lancellotti,* 761 F.2d 1363, 1368 (9th Cir.1985). Here, the handgun bore an imprint that it had been manufactured in Miami, Florida. It was found in the house where Patterson was living in Los Angeles, California. It could not have made the journey from Miami to Los Angeles without traveling in interstate commerce. There was substantial evidence to establish this element of the crime.

### 2. *Patterson's Possession of the Gun*

 At Patterson's trial, Los Angeles police detective Ramirez testified the gun was found in a safe in the house where Patterson was living behind a store known as "Zaby's Market.". He testified that when the gun was found Patterson stated: "I keep one gun in there just in case I'm robbed because I'll come out shooting and shoot them. I have had that gun for a long time." At trial, Patterson denied making this statement. He testified he had sold the gun along with other assets of the market and had forgotten it was in the safe. The jury, however, could credit Ramirez's testimony and reject Patterson's. *See United States v. Hodges,* 770 F.2d 1475, 1478 (9th Cir.1985); *United States v. Brady,* 579 F.2d 1121, 1127 (9th Cir.1978), *cert. denied,* 439 U.S. 1074, 99 S.Ct. 849, 59 L.Ed.2d 41 (1979) ("It is the exclusive function of the jury to determine the credibility of the witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts."). There was substantial evidence from which a reasonable jury could conclude that Patterson possessed the gun.

### B. *Sentence Enhancement*

In his challenge to the two-year sentence enhancement, Patterson contends that 18 U.S.C. § 3147 creates a new and separate offense; that a necessary element of this separate offense is that the crime charged must have been committed while the person charged with the crime was released on bail; that the government produced no evidence during Patterson's trial to establish that he was in fact out on bail when he committed the firearm offense; and that the question of whether he was out on bail when he committed the firearm offense should have been, but he argues was not, submitted to the jury. He also contends that applying the sentence enhancement provisions of 18 U.S.C. § 3147 to his case violates the *ex post facto* clause of the Constitution.

### 1. *Does 18 U.S.C. § 3147 Create a Separate Offense?*

 This is a question of first impression in this circuit. We hold that 18 U.S.C. § 3147 does not create a separate offense. Section 3147 is a sentence enhancement statute which simply mandates an enhanced sentence for someone who commits an offense while released on bail. There is nothing exceptional about the statute, nor is it vague or ambiguous. The language is plain and the meaning is clear. Our statutory construction inquiry, therefore, is at an end. *See Burlington Northern Railroad Co. v. Oklahoma Tax Commission,* —— U.S. ——, 107 S.Ct. 1855, 1860, 95 L.Ed.2d 404 (1987) ("Unless exceptional circumstances dictate otherwise, '[w]hen we find the terms of a statute unambiguous, judicial inquiry is complete.' *Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981)").[3]

---

**3.** In *Rodriguez v. United States,* —— U.S. ——, 107 S.Ct. 1391, 94 L.Ed.2d 533 (1987), the Court referred to legislative history in concluding that, contrary to the government's contention, section 3147 did not repeal by implication 18 U.S.C. § 3651, and, therefore, the district court could grant probation notwithstanding the requirement that at least a two-year sentence be imposed under section 3147. Commenting on section 3147, the Court stated: "Section 3147 is no different from many other federal statutes requiring minimum sentences...." *Rodriguez* at 1392. No contention was made that the statute was anything other than a sentence enhancement statute.

### 2. *Proof of Patterson's Bail Status*

Due process requires that "a release offender cannot be sentenced under 18 U.S.C. § 3147 without an admission or proof that he was in fact on release during the commission of the crimes for which he was convicted." *United States v. Mesa,* 641 F.Supp. 796, 798 (S.D.Fla.1986). Here, the government introduced, and the court received into evidence, a certified copy of Patterson's "Bail Bond on Appeal." This exhibit reflected that Patterson had posted bond to obtain his release pending appeal from the 1984 felony convictions. The bond bore the approval of a United States district judge dated October 9, 1984, the day Patterson was released on bail. Patterson testified as to the address he had given when he obtained the bail bond. Count Two of the indictment charged Patterson with the crime of being a felon in possession of a firearm which had previously moved in commerce in violation of 18 U.S.C.App. § 1202(a). The indictment contained the additional allegation that at the time of the offense, Patterson was "on post-conviction release" after conviction of the 1984 felonies. The jury had the Bail Bond on Appeal and the indictment during its deliberations. The verdict form which it returned was a general verdict form which Patterson's counsel approved. The jury found Patterson "guilty as charged in Count Two of the ... Indictment."

Viewing the evidence in the light most favorable to the government, there was substantial evidence presented to the jury that Patterson was out on bail at the time he committed the firearm offense. This question was in fact submitted to the jury.[4] And the jury's general verdict resolved it.

### 3. *Ex Post Facto Claim*

Patterson contends his sentence for the firearm offense, which he committed on January 21, 1985, cannot be enhanced under 18 U.S.C. § 3147. He argues that he was already out on bail when this statute became effective, October 12, 1984, and to apply the statute to him to enhance his sentence violates the *ex post facto* clause of the Constitution. This argument misses the point. The *ex post facto* prohibition forbids the Congress and the states from enacting any law which imposes a punishment for an act which was not punishable at the time the act was committed, or which imposes punishment greater than the punishment prescribed when the act was committed. *Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 963, 67 L.Ed.2d 17 (1981); *United States v. Crozier,* 777 F.2d 1376, 1383 (9th Cir.1985). Section 3147 was already on the books when Patterson committed the 1985 firearm offense for which his sentence was enhanced. Applying section 3147 to his case does not violate the *ex post facto* clause.

AFFIRMED.[5]

---

**4.** Because evidence as to Patterson's bail status was presented during the trial and the issue was resolved by the jury, we do not decide whether it would have been sufficient for the government, at the time Patterson was sentenced, to have presented proof that he was out on bail at the time he committed the firearm offense.

**5.** Patterson also contends that section 3147 cannot be applied to enhance his sentence because it pertains only to individuals released "pursuant to this chapter." His argument is that the "chapter" referred to by section 3147 is chapter 207 as it existed when the 1984 amendments to public law 98–473 became effective on October 12, 1984, and not chapter 207 as it existed when he was released on appeal bond on October 9, 1984. This argument fails. Patterson was released on bond under Title 18, chapter 207. The 1984 amendments to public law 98–473 to which Patterson refers did nothing more than renumber the sections and, regarding the section Patterson was released under, clarify the burden of proof. *See* S.R. No. 28–225, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3209.