**UNITED STATES of America**

v.

**Cheyenne DENEUVE, Defendant.**

**Crim. Nos. 87–00032–B, 88–00005–B.**

United States District Court,
D. Maine.

March 1, 1989.

Mark Perry, Archer and Perry, Brewer, Me., for Deneuve.

Thomas Goodwin, Asst. U.S. Atty., Bangor, Me., for U.S.

## MEMORANDUM DECISION

CYR, Chief Judge.

While released pending trial on one of three offenses committed before the effec-

tive date of the Sentencing Guidelines (*non* guideline offenses),[1] the defendant committed eight misdemeanor offenses (guideline offenses),[2] thereby implicating not only guideline sentencing[3] but the sentence enhancement provisions of title 18 United States Code, section 3147.[4] Since the parties sharply diverge in their applications of section 3147 in the environment of guideline sentencing,[5] the court addresses the appropriate application of section 3147 to the eleven guideline and *non* guideline offenses on which the defendant awaits sentencing.

### I. *Defendant's Argument*

The defendant endorses a probation office recommendation that the court calculate one aggregate offense level for all eight guideline offenses committed while the defendant was released, by grouping them according to United States Sentencing Commission, Guidelines Manual § 3D1.2 (1988) [hereinafter "Guidelines"], which states in part:

> All counts involving substantially the same harm shall be grouped together into a single Group. A count for which the statute mandates imposition of a consecutive sentence is excluded from such Groups....

*Section 3147 aside,* a comment to Guidelines § 3D1.2 seems to indicate that the eight guideline offenses may be grouped together.[6] Then, says the defendant, the

---

**1.** The *non* guideline offense on which the defendant was released pending trial, *see* Criminal No. 87–00032–B, carries a maximum prison term of five years. *See* 18 U.S.C. § 1708 (1982). The two remaining *non* guideline offenses are misdemeanors. *See* 18 U.S.C. § 510(a)(1) & (2) (Supp. III 1985).

**2.** *See* 18 U.S.C. § 510(a)(1) & (2) (Supp. III 1985).

**3.** The Sentencing Guidelines were adopted pursuant to 28 U.S.C. § 994(a) (Supp. III 1985), effective November 1, 1987.

**4.** A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to—

> (1) a term of imprisonment of not more than ten years if the offense is a felony; or
> (2) a term of imprisonment of not more than one year if the offense is a misdemeanor.
> A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.
> 18 U.S.C.A. § 3147 (West Supp.1988).

**5.** The parties agree that the offense level attributable to the offense conduct charged in each guideline offense is ten, the offense level for the § 3147 offense conduct is six, and the applicable criminal history category is V.

**6.** A Guidelines § 3D1.2 comment explains that separate counts of uttering and forging the same check are to be grouped together. Two forging counts, and one count of uttering one of the forged checks, are to be grouped together as one. If the eight forging and uttering counts

discrete offense conduct proscribed by section 3147, consisting of the fact that each of the eight guideline offenses was "committed while released," *see* 18 U.S.C.A. § 3147, is taken into account by superimposing the offense level applicable to that offense conduct (six) onto the unitary offense level for all eight guideline offenses (ten). Combined with the defendant's criminal history category (V), these offense levels result in a section 3147 sentencing range of from 9 to 15 months, which is superimposed on a unitary sentencing range of 21 to 27 months for all eight guideline offenses, resulting in a total sentencing range of from 30 to 42 months for the eight guideline offenses committed while released.

## II. *Government's Argument*

The government responds that the probation office recommendation violates the *consecutive* sentencing provision of the *final* phrase of section 3147: "[a] term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment." 18 U.S.C.A. § 3147. According to the government, defendant's contraventions of section 3147 did not give rise to separate and independent offenses, but to *enhancement* of any sentence of imprisonment imposed for "an offense committed *while released*," 18 U.S.C.A. § 3147 (emphasis added). Thus, in the government's view section 3147 does not permit two *consecutive* sentences, but one *enhanced* sentence, for each offense committed while released. But by virtue of section 3147's final phrase the government insists that any enhanced sentence under section 3147 must be *consecutive* to *all* other sentences of imprisonment. Under the government's theory, therefore, each separate *enhanced* sentence imposed on the eight guideline offenses committed while released must be *consecutive* to every other *enhanced* sentence, as well as to any prison term imposed for the three *non* guideline offenses.[7]

## III. *Discussion*

The present predicament results from the fact that the government and the defendant flagrantly *assume* that the crystalline language of section 3147's *first* phrase —"[a] person convicted of an offense committed while released ... shall be sentenced, in addition to the sentence prescribed for the offense ...," 18 U.S.C.A. § 3147—conclusively informs the turbid terminology of its *final* phrase—"[a] term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment," *id.*

The government reads the final phrase of section 3147 as though it stated that an enhanced "term of imprisonment imposed under ... section [3147] shall be consecutive to ... [every] other sentence of imprisonment." Were that the case, each enhanced prison term imposed under section 3147 would have to be made *consecutive* to *every other enhanced* prison term imposed under section 3147 for an offense committed *while released, and consecutive* to *every other* term of imprisonment imposed for any offense for which the defendant *was on release.* The approach endorsed by the defendant in the struggle to escape the harsh consecutive sentencing required under the government's interpretation of the final phrase of section 3147 misinterprets the *first* phrase of section 3147, not as an

---

could be grouped, there would be one unitary guideline *sentencing range* for the eight guideline offenses combined. *But see* Guidelines § 5G1.2.

**7.** Under the government's theory, *each* of the eight guideline offenses committed while released is *enhanced* by combining the offense level for *each* of the eight misdemeanors (ten) with the offense level applicable to the § 3147 offense conduct (six), for an "enhanced" offense level of 16 on each of the eight guideline offenses. The "enhanced" offense level of 16,

combined with the category V criminal history, yields a guideline sentencing range from 41 to 51 months for each guideline offense committed while released. Since the aggregated *enhanced* sentencing range for each guideline offense exceeds the statutory maximum of two years (one year for each guideline offense and one year of enhancement under § 3127(2)), each guideline offense would carry a *mandatory minimum* two-year prison term, which would be *consecutive to each other* (16 consecutive years in all) and *consecutive* to any prison term ordered for the three *non* guideline offenses.

*enhancement* provision but as creating a separate offense, thereby facilitating a more felicitous application of the sentencing guidelines at the expense of the statute.

The government correctly contends that the plain language of the *first* phrase of section 3147—"[a] person convicted of an offense committed while released ... shall be sentenced, *in addition to* the sentence prescribed for the offense ...," 18 U.S.C. A. § 3147 (emphasis added)—means that any term of imprisonment imposed under section 3147 is to *enhance* a sentence of imprisonment imposed for an offense committed while released. The position proposed by the probation office, and embraced by the defendant for its relative lenity, is simply untenable in the face of the statutory language—"shall be *sentenced, in addition to* ...," 18 U.S.C.A. § 3147 (emphasis added).[8]

Meanwhile, both parties overlook the ambiguous nature of the language of section 3147's *final* phrase, to which the court now turns. The terms "any other" do not necessarily mean "all" or "every" other, but may mean "each," "some" or "one" other. *See* Webster's Third New International Unabridged Dictionary, 97 (3d ed. 1976). Of course, ambiguous statutory language invites recourse to its legislative history.

Section 3147 was enacted in its original form as part of the Bail Reform Act of 1984, Pub.L. 98–473, 98 Stat.1837, 1983 (1984), and its legislative purpose is exquisitely explicated in the legislative history.

Section 3147 is designed to deter those who would pose a risk to community safety by committing another offense when released under the provisions of this title and to punish those who indeed are convicted of another offense. This section enforces the self-evident requirement that any release ordered by the courts include a condition that the defendant not commit another crime while on release. Given the problem of crime committed by those on pretrial release this requirement needs enforcement. Accordingly, *this section prescribes a penalty in addition to any sentence ordered for the offense for which the defendant was on release.*

S.Rep. No. 98–225 (1983), reprinted in U.S. Code Cong. & Admin.News 1984, pp. 3182, 3217 (emphasis added).[9]

Thus, the legislative history compels two pertinent conclusions concerning section 3147. *First,* in accordance with the terms of its *first* phrase section 3147 is a sentence *enhancement* statute, which enlarges upon the permissible punishment for an offense *committed while released. Second,* by virtue of its *final* phrase an enhanced sentence under section 3147 is *not required* to be *consecutive* to any other sentence of imprisonment *except* a sentence of imprisonment ordered *for an offense for which the defendant was on release.*[10] Accordingly, any enhanced sentence imposed on the defendant under section 3147 in the present case must be made *consecutive* to any term of imprisonment imposed on the lone *non* guideline offense for which the defendant was on release, but each enhanced sentence of imprisonment may be *concurrent* with every other

**8.** The government cites recent cases holding that § 3147 is a sentencing *enhancement* provision pure and simple, neither creating a separate offense nor requiring proof beyond a reasonable doubt. *See, e.g., United States v. Sink,* 851 F.2d 1120 (8th Cir.1988), *cert. denied,* ——— U.S. ———, 109 S.Ct. 800, 102 L.Ed.2d 791 (1989); *United States v. Feldhacker,* 849 F.2d 293, 298–99 (8th Cir.1988); *United States v. Patterson,* 820 F.2d 1524, 1526 (9th Cir.1987).

**9.** The recent amendment to § 3147 simply eliminated the *minimum* enhancements originally mandated by § 3147(1) and (2). Neither the first nor the final phrase of the section was changed.

**10.** The defendant was on pretrial release for a single *non* guideline offense (Criminal No. 87–00032–B) at the time of the commission of the eight guideline offenses. Therefore, it is unnecessary to consider whether each enhanced sentence under § 3147(2) must be made consecutive to "one," "some" or "every" other sentence(s) of imprisonment in a case where the defendant was on release for more than one offense when he committed the offense(s) implicating § 3147.

enhanced sentence.[11]

The guideline sentencing range for each of the eight guideline offenses is 21 to 27 months. The guideline sentencing range for each enhancement is 9 to 15 months. There is a statutory maximum of one year for each guideline (misdemeanor) offense and for each enhancement. The sentencing guidelines *require*, absent guideline departure, a one-year prison term on each of the eight guideline offenses and an additional 9 to 12 months for each enhancement. Accordingly, the sentencing guidelines require a prison term of from 21 to 24 months on each of the eight guideline offenses. Under section 3147, these sentences *must* be consecutive to any term of imprisonment imposed on count 42 in Criminal No. 87–00032–B, the *non* guideline offense for which the defendant was on release when the eight guideline offenses were committed, but *may be concurrent* to one another.

---

**11.** In light of their legislative history, the first and last phrases of § 3147 may be restated as follows:

A person convicted of an offense committed while released under this chapter shall receive as a sentence, *in addition to* the *sentence* prescribed *for* the *offense committed while released* under this chapter—

(1) a term of imprisonment of not more than ten years if the offense committed while released under this chapter is a felony; or

(2) a term of imprisonment of not more than one year of the offense committed while released under this chapter is a misdemeanor. An enhanced term of imprisonment imposed under this section shall be *consecutive to* any *sentence of imprisonment imposed for* any *offense for which the person was on release.*