**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John L. MOLINARO,**
**Defendant–Appellant.**

No. 89–50140.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 26, 1989.

Order Filed April 26, 1989.

Decided June 7, 1989.

Gerald Vincent Scotti, Beverly Hills, Cal., for defendant-appellant.

Steven E. Zipperstein, Asst. U.S. Atty., U.S. Attys. Office, Los Angeles, Cal., for plaintiff-appellee.

Before WALLACE, ALARCON and NORRIS, Circuit Judges.

PER CURIAM:

John L. Molinaro appeals the district court's denial of his motion for revocation of the district court's pretrial detention order. Molinaro argues that his pretrial detention violated 18 U.S.C. § 3142(f) because the government failed to move for his detention at the time of his first appearance before a magistrate on the underlying charges. The government concedes that it failed to move for pretrial detention at appellant's first appearance but urges us to carve out an exception to this requirement under § 3142(f) in cases where the defendant is legitimately in custody on other charges.

We find no basis for writing into the statute an exception for defendants already in custody on other charges. The language of § 3142(f) allows for only one exception: a brief continuance under prescribed circumstances.[1] Otherwise, a detention hearing must be held upon the person's first appearance before the judicial officer. When statutory language is clear and unambiguous, as it is here, a judicial inquiry into the meaning of the statute ends. *See Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 701–02, 66 L.Ed.2d 633 (1981); *United States v. Patterson*, 820 F.2d 1524, 1526 (9th Cir.1987).

We reverse the district court's order of detention and remand to the district court to set appropriate conditions for release.

REVERSED.

---

**1.** Section 3142(f) provides in relevant part:

The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person and the community—

. . . .

The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the Government may not exceed three days.