977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oliver Delano BURKE, Defendant-Appellant.
 No. 92-50153.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1992.*
Decided Oct. 8, 1992.
 
 Before FEINBERG,** GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Oliver Delano Burke appeals his conviction, following a jury trial, for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Burke contends that there is insufficient evidence to support the jury's finding of possession and that the district court erred by admitting into evidence a shotgun similar to the one he allegedly possessed. We affirm the conviction.
 
 I.
 
 3
 At trial, the government presented business records from Western Surplus Sporting Goods, a federally licensed firearms dealer, identifying Burke as the purchaser of a Mossberg Bullpump shotgun. These records indicated that Burke, as required by law for the purchase of a firearm, completed a firearms acquisition form, ATF Form 4473, on May 21, 1989. The 4473 Form included Burke's name, address, date of birth, and signature. The 4473 Form also asks whether the purchaser has previously been convicted of a felony. Although Burke had been convicted of robbery under California Penal Code § 211 a year earlier, he answered the question in the negative. The salesman who handled the transaction could not recall this specific sale, but recognized his own handwriting and signature on the 4473 Form and sales slip and testified that his general practice was to request that prospective customers show a form of California identification before giving them a 4473 Form. The 4473 Form showed that Burke had provided a California Identification Card. Further testimony and records were presented to show that the sale to Burke was a final one. In addition, a handwriting expert testified that the signature on the 4473 form matched a certified copy of Burke's signature.
 
 
 4
 To establish that the firearm purchased by Burke had travelled in interstate commerce, the government introduced testimony by a firearms expert. Because the shotgun purchased by Burke was never recovered, the expert testified that all Mossberg Bullpump shotguns were alike and produced one to show the manufacturer's label indicating it was made in Connecticut. Over the defendant's objection, the district court ruled that a similar weapon could be used as demonstrative evidence to illustrate the origin of the shotgun.
 
 
 5
 Based on the foregoing, the jury convicted Burke of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and of making a false statement in the acquisition of a firearm in violation of 18 U.S.C. 922(a)(6) on November 26, 1991. Burke is only appealing the possession conviction.
 
 II.
 A. Sufficiency of the Evidence
 
 6
 We review a challenge to the sufficiency of the evidence by asking whether, " 'after viewing the evidence in the light most favorable to the [government], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Barron-Rivera, 922 F.2d 549, 552 (9th Cir.1991) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 7
 The appellant argues that a completed 4473 Form is inadequate to prove either possession or receipt of a firearm under 18 U.S.C. § 922(g)(1). The appellant notes that no one testified as to having seen him in actual possession of the gun nor anywhere near the gun. There is, however, no requirement that possession be proven by actual possession. The element of possession may be satisfied by proof of constructive possession, which in turn may be shown by evidence of "ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed." Id. (internal quotations omitted); United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989). Although, as the appellant argues, constructive possession is frequently proven by showing that the defendant was in close proximity to the firearm, proof of ownership alone is sufficient to show constructive possession. See Barron-Rivera, 922 F.2d at 552. Moreover, it was reasonable for the jury to infer from the business records produced by Western Surplus employees that Burke was in fact the one who purchased the Mossberg Bullpump shotgun. See United States v. Bland, 961 F.2d 123, 126-27 (9th Cir.1992) (4473 Form used to create an inference of possession); United States v. Petitjean, 883 F.2d 1341, 1346 (7th Cir.1989) (affirming a conviction for the making of a false statement in the acquisition of a firearm on the basis of a 4473 Form, sales receipt, and acquisitions log).
 
 B. Admissibility of Evidence
 
 8
 A district court's ruling on the admission of evidence will be upheld unless there has been a clear abuse of discretion. See United States v. Dunn, 935 F.2d 1053 (9th Cir.1991). The appellant argues first that the presentation of the shotgun was irrelevant and therefore inadmissible under Federal Rule of Evidence 402 because defense counsel offered to stipulate that the shotgun had been transported in interstate commerce. This argument is without merit. The interstate element must be proven by the government in a 922(g) case, see United States v. Alvarez, 960 F.2d 830, 832 (1992), and it was proper for the government to prove it by referring to the label on the shotgun. See United States v. Patterson, 820 F.2d 1524, 1526 (9th Cir.1987) (the imprint on a gun of the place of manufacture may be used to establish that the firearm had travelled in interstate commerce). It makes no difference that the government opted to make its case using affirmative evidence rather than accepting the proffered stipulation.
 
 
 9
 The appellant argues further that the potential for unfair prejudice outweighed the probative value of the shotgun. A district court has considerable discretion in performing the balance required by Rule 403. See Rogers v. Raymark Industries, Inc., 922 F.2d 1426, 1429 (9th Cir.1991). The shotgun was only used as a testimonial aid, it was identical to the one the Western Surplus records indicated was purchased by Burke, and the jury was aware that the actual gun purchased by Burke had not been recovered. Therefore, the district court's ruling that the appellant would not be unfairly prejudiced was not a clear abuse of discretion. See United States v. Cox, 633 F.2d 871, 874 (9th Cir.1980) (holding that the use of mockup bombs as a testimonial aid was nonprejudicial in light of the judge's limiting instructions).
 
 
 10
 The conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Wilfred Feinberg, Senior Circuit Judge of the U.S. Court of Appeals for the Second Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3