70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Byron Khan ROBERTS, Defendant-Appellant.
 No. 94-30333.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 20, 1995.*
Decided Nov. 22, 1995.
 
 1
 Before: CHOY, SNEED, and FERGUSON Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Byron Khan Roberts appeals his conviction of two counts of falsifying firearms records, in violation of 18 U.S.C. Secs. 922(a)(6) and 924(a)(1)(B), and two counts of felon in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g) and 924(a)(2). Roberts argues that the district court erred: (1) in denying his motion for a new trial because the government failed to disclose material exculpatory evidence until after trial; and (2) in admitting expert testimony from an agent of the Bureau of Alcohol, Tobacco and Firearms. We affirm.
 
 I.
 
 4
 Roberts contends that the Government's failure to disclose material exculpatory evidence prior to trial is in violation of Brady v. Maryland, 373 U.S. 83 (1963). In Brady, the Supreme Court held, "[t]he supression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment...." Id. at 87. Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, it would have changed the result of the proceeding. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the trial. United States v. Bagley, 473 U.S. 667, 682 (1985); Hendricks v. Zenon, 993 F.2d 664, 673 (9th Cir.1993). Roberts argues that the prosecution's failure to disclose to the defense conversations between an ATF agent and a witness for the prosecution violates Brady. During two separate conversations ATF Agent Sameshima told Deimerly, a prosecution witness, that he would see what he could do about Deimerly's state probation violation. Deimerly's testimony was not conditioned on Agent Sameshima giving him any assistance and no promises to seek leniency were extended to Deimerly. There is not a reasonable probability that evidence of Deimerly's conversations with Agent Sameshima would have changed the result of the proceeding. Further, evidence was presented to the jury, exclusive of Deimerly's testimony, that Roberts possessed the firearm on January 12, 1993. Thus, Deimerly's testimony played a limited role in the case against Roberts.
 
 
 5
 Since the disclosure of conversations between Agent Sameshima and Deimerly would not have changed the outcome of the trial, the evidence is not material. Thus, the district court properly denied the motion for a new trial.
 
 II.
 
 6
 Roberts argues that the district court erred in allowing Agent Alef to testify as an expert, and that Agent Alef's opinion was based on hearsay.
 
 
 7
 First, Roberts challenges Agent Alef's qualifications as an expert. Rule 702 of the Federal Rules of Evidence provides:
 
 
 8
 If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, training, or education, may testify thereto in the form of an opinion or otherwise.
 
 
 9
 Fed.R.Evid. 702 (emphasis added).
 
 
 10
 At trial the prosecution established Agent Alef had specialized training in firearms identification, experience in identifying thousands of firearms, and previously testified as a firearms expert.
 
 
 11
 Second, the district court did not err in permitting Agent Alef to base his testimony on government records or the markings on the firearms. Expert witnesses may base their opinions upon hearsay, so long as the information is of a type reasonably relied upon by experts in the particular field in forming opinions upon the subject. Fed.R.Evid. 703; United States v. McCollum, 732 F.2d 1419, 1422 (9th Cir.), cert. denied, 469 U.S. 920 (1984). Agent Alef's testimony was used to establish that the firearms in question affected interstate commerce. Agent Alef was entitled to rely on ATF records and personal observation since these are the type of records which are reasonably relied upon by firearms experts in making this determination. See United States v. Alvarez, 972 F.2d 1000, 1004 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 1427 (1993); United States v. Clawson, 831 F.2d 909, 912-13 (9th Cir.1987), cert. denied, 488 U.S. 923 (1988); United States v. Patterson, 820 F.2d 1524, 1526 (9th Cir.1987).
 
 
 12
 The district court did not err in admitting Agent Alef as an expert, or in permitting testimony based on government records or markings on the firearms. The judgment of the district court is AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3