FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 19 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 08-30387 |
|---|---|
| Plaintiff - Appellee, | D.C. No. 9:07-CR-00047-DWM-1 |
| v. | |
| RALPH LEON FOX, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted November 3, 2009
Portland, Oregon

Before: KOZINSKI, Chief Judge, FISHER and PAEZ, Circuit Judges.

Ralph Leon Fox appeals from his convictions for child sexual exploitation in

violation of 18 U.S.C. § 2251(a), receipt of child pornography in violation of 18

U.S.C. § 2252A(a)(2), and possession of child pornography in violation of 18

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

U.S.C. § 2252A(a)(5)(B), and from the imposition of consecutive sentences totaling 110 years.

1. Fox contends that his conviction for both receiving and possessing child pornography violates double jeopardy under *United States v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008). In light of the conduct proven on the child sexual exploitation count, the trier of fact necessarily found at trial that Fox engaged in conduct supporting a possession conviction that was distinct from the conduct underlying the conviction for receiving child pornography. The allegations in the possession count of the indictment were sufficient to support Fox's possession conviction on the basis of this separate conduct. *Cf. United States v. Overton*, 573 F.3d 679, 696 n.16 (9th Cir. 2009). Possession is not a lesser included offense of exploitation, so there was no double jeopardy violation. Given the district court's implicit factual determinations at trial, we need not address Fox's argument that the district court engaged in impermissible post-verdict fact-finding.

2. Fox next argues that Congress may not criminalize his non-commercial intrastate production of child pornography under its Commerce Clause power. This argument is foreclosed by *United States v. McCalla*, 545 F.3d 750, 753–56 (9th Cir. 2008).

3. Fox also challenges his § 2251(a) conviction on the ground that the government failed to present sufficient evidence that the cameras Fox used to produce child pornography had traveled in interstate or foreign commerce. Introducing the cameras' country-of-origin labels, which indicated they had been manufactured overseas, sufficed to prove the cameras had moved in foreign commerce. *See United States v. Patterson*, 820 F.2d 1524, 1526 (9th Cir. 1987).

4. Finally, Fox challenges his 110-year sentence as unreasonable. We reject his arguments. First, the district court did not abuse its discretion in concluding that a longer-than-life sentence was necessary to serve the purposes of sentencing listed in 18 U.S.C. § 3553(a); such a sentence can "reflect the seriousness of the offense," "promote respect for the law," and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (B).

Second, contrary to Fox's contentions, the district court did not impermissibly focus on punishment to the exclusion of other § 3553(a) factors. In setting Fox's sentence, the district court also discussed the need to protect the public, to deter similar crimes, and to provide Fox appropriate treatment.

Third, the district court did not fail to account adequately for Fox's mental health problems and abuse as a child. The district court acknowledged Fox's mental health problems but concluded it was nevertheless appropriate to sentence

3

Fox to the statutory maximums in light of Fox's pattern of similar conduct and admission that he could not be stopped. This was not an abuse of discretion.

Finally, Fox does not have standing to challenge any applicable mandatory minimum sentence; he was sentenced to a statutory maximum, not minimum. *See United States v. Johnson*, 886 F.2d 1120, 1122 (9th Cir. 1989).

**AFFIRMED.**

4