**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Salvador AHUMADA–AVALOS,
Defendant–Appellant.**

No. 88–3100.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 1989.

Memorandum April 20, 1989.

Opinion May 22, 1989.

**682**

Thomas E. Cooney, Spokane, Wash., for defendant-appellant.

James E. Shively, Asst. U.S. Atty., Spokane, Wash., for plaintiff-appellee.

Before PREGERSON, BOOCHEVER and NOONAN, Circuit Judges.

## PER CURIAM:

Defendant-appellant Salvador Ahumada–Avalos was convicted and sentenced to ten years in prison in the Eastern District of Washington for participating in the sale and distribution of over 500 grams of cocaine. The sale was consummated in Idaho. The government obtained evidence identifying Ahumada–Avalos and linking him to criminal conduct by subpoenaing telephone company records of toll calls made from an unlisted telephone number.

Ahumada–Avalos contends that the district court erred (1) in not instructing the jury that in a multi-district conspiracy case, an overt act must occur in the district where the case was tried; (2) in not dismissing the distribution count of the indictment when the indictment failed to allege that the act of distribution occurred in the Eastern District of Washington, where the case was tried; and (3) in denying his motion to suppress evidence gained from telephone toll records subpoenaed by the government. Additionally, he argues that the application of the enhanced mandatory minimum penalty sentencing amendment to 21 U.S.C. § 841 based on convictions that occurred before the amendment's enactment violated the *ex post facto* clause of the Constitution.

Ahumada–Avalos's contentions lack merit. We therefore affirm his conviction.

Ahumada–Avalos argues that in his multi-district conspiracy case the jury should have been instructed that an overt act of the conspiracy must have occurred in the Eastern District of Washington, because that was the district in which he was tried. Whether jury instructions misstate elements of a statutory crime is a question of law subject to *de novo* review. *United States v. Douglass*, 780 F.2d 1472, 1475 (9th Cir.1986).

Ahumada–Avalos miscomprehends the law. 18 U.S.C. § 3237 states that the offense of conspiracy may be prosecuted in any district in which the offense began, continued, or was completed. The seminal case in this area is *Hyde v. United States*, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114 (1912), which held that in a conspiracy case venue properly lies either where the conspiracy was formed or where an overt act in furtherance of the conspiracy was performed. Ahumada–Avalos's reliance on *United States v. Williams*, 536 F.2d 810 (9th Cir.1976), *cert. denied*, 429 U.S. 839, 97 S.Ct. 110, 50 L.Ed.2d 106 (1976), is misplaced. *Williams* stated that venue is

proper where the overt act occurred; it did not hold that venue is proper *only* where the overt act occurred.

Next, Ahumada–Avalos argues that Count II of the indictment is invalid under 18 U.S.C. § 3237.[1] because it does not allege that some act of drug distribution occurred in the Eastern District of Washington. He contends that the indictment alleges only that he travelled in interstate commerce from the Eastern District of Washington to Idaho, where he began, continued, and completed his involvement in unlawful narcotics distribution.

We review the sufficiency of an indictment *de novo. United States v. Benny,* 786 F.2d 1410, 1414 (9th Cir.1986), *cert. denied,* 479 U.S. 1017, 107 S.Ct. 668, 93 L.Ed.2d 720 (1986).

The courts usually interpret the term "distribution" quite broadly.[2] "[T]he distribution provision has been held to criminalize 'participation in the transaction viewed as a whole.'" *United States v. Brunty,* 701 F.2d 1375, 1381 (11th Cir. 1983), *cert. denied,* 464 U.S. 848, 104 S.Ct. 155, 78 L.Ed.2d 143 (1983) (citing *United States v. Pruitt,* 487 F.2d 1241, 1245 (8th Cir.1973)). In *United States v. DeRosa,* 670 F.2d 889, 893 (9th Cir.1982), *cert. denied, Bertman v. United States,* 459 U.S. 993, 103 S.Ct. 353, 74 L.Ed.2d 391 (1982), evidence showing that an individual (1) arranged the meeting at which the drug sale occurred, (2) negotiated the sale and methods of payment, and (3) received the purchase money, was enough to infer "distribution."

■ Given the broad interpretation of "distribute" in the case law, Ahumada–Avalos clearly participated in "distribut-ing" drugs while in the Eastern District of Washington. He arranged for delivery of the drugs, made phone calls negotiating the price, amount, place of delivery, and payment, and travelled in furtherance of the crime, all while in the district. The government's proof of Ahumada–Avalos's involvement, while in Washington, in distributing narcotics is not negated by the fact that the actual transfer of the drugs occurred in Idaho.

Next, Ahumada–Avalos contends that the government violated his Fourth Amendment rights by obtaining, without a search warrant, his telephone records and address from the telephone company. He explains that his rights were violated because he had a reasonable expectation of privacy in an unlisted telephone number. Generally, motions to suppress evidence are reviewed *de novo. United States v. Andrade,* 784 F.2d 1431, 1433 (9th Cir.1986).

■ The telephone company's disclosure of toll call records was made pursuant to subpoenas validly issued. *See* 18 U.S.C. § 2703(c)(1)(B).[3] *See also Smith v. Maryland,* 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed. 2d 220 (1979). These business records, which by their nature include the subscriber's name and address, were properly admitted into evidence.

Finally, Ahumada–Avalos challenges the ten-year sentence imposed by the district court. He argues that the 1986 amendment to 21 U.S.C. § 841 requiring minimum penalties for second drug-related convictions operates prospectively only, and therefore that sentencing in this case cannot consider his convictions before the date of the amendment's enactment. He contends that, because the ten-year minimum

---

1. Subsection (a) of § 3237 states in pertinent part that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."

2. 21 U.S.C. § 802(11) states that "The term 'distribute' means to deliver ..." and 21 U.S.C. § 802(8) states that "[t]he terms 'deliver' or 'delivery' mean the actual, constructive, or attempted transfer of a controlled substance ..."

3. This section states in pertinent part that "[a] provider of electronic communication service ... shall disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications ...) to a governmental entity only when the governmental entity—(i) uses an administrative subpoena authorized by a Federal or State statute ... [or] (ii) obtains a warrant issued under the Federal Rules of Criminal Procedure or equivalent State warrant...."

was not on the books when he committed his first offense (a 1981 marijuana conviction), enhancing his sentence in this case by considering a pre–1986 conviction violates the *ex post facto* clause of the Constitution. The legality of a sentence is reviewed *de novo.* *United States v. Schiek,* 806 F.2d 943, 944 (9th Cir.1986), *cert. denied,* 481 U.S. 1032, 107 S.Ct. 1962, 95 L.Ed.2d 534 (1987).

██ This argument misses the mark. *United States v. Patterson,* 820 F.2d 1524 (9th Cir.1987) is controlling. In that case, defendant, who was out on bail following his 1984 conviction on federal felony charges, was arrested for illegal possession of firearms. Upon being convicted of the latter crime, defendant was sentenced to two and one-half years in prison, two of which were part of the sentence enhancement provisions of 18 U.S.C. § 3147 (Supp. IV., 1986) [4] which had become effective after defendant had committed the 1984 felonies and was out on bail. Defendant's *ex post facto* claim failed: "Section 3147 was already on the books when Patterson committed the 1985 firearm offense for which his sentence was enhanced. Applying section 3147 to his case does not violate the *ex post facto* clause." *Id.* at 1527.

Likewise, in the present case, though Ahumada–Avalos had committed the first offense (marijuana) prior to the enactment of the sentence enhancement statute, that statute was on the books at the time he committed the second offense. Hence, its application is not barred by the *ex post facto* clause.

AFFIRMED.

---

**4.** In pertinent part, the statute mandates that "[a] person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense, to—(1) a term of imprisonment of not less than two years and not more than ten years if the offense is a felony ..."