Wayne DESIRE, Petitioner–Appellant,

v.

**ATTORNEY GENERAL OF
CALIFORNIA, Respondent–
Appellee.**

No. 91–55334.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 1992.

Decided July 10, 1992.

As Amended on Denial of Rehearing and
Rehearing En Banc Sept. 16, 1992.

Monica Knox, Deputy State Public Defender, Los Angeles, Cal., for petitioner-appellant.

Donald F. Roeschke, Deputy Atty. Gen., Los Angeles, Cal., for respondent-appellee.

Before: POOLE, BRUNETTI, and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Wayne Desire appeals the denial of his petition for habeas corpus relief. Desire was convicted in California of conspiracy (Cal.Penal Code § 182), asking for and receiving a bribe (Cal.Penal Code §§ 182 & 153), possession of cocaine (Cal.Health & Safety Code § 11350), and possession of metal knuckles (Cal.Penal Code § 12020). He claims that his confession was obtained in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).[1] We agree and reverse the district court's denial of Desire's petition.

## BACKGROUND FACTS

Desire, who was then a Los Angeles County Deputy Sheriff, was arrested on January 15, 1986. He was read his *Miranda* rights and asserted those rights by saying that he did not want to talk and that he wanted a lawyer. The attorney retained by the sheriff's organization called the station and asked to speak to Desire, but was not permitted to do so. The deputies told the attorney that Desire had invoked his rights and would not be questioned. Desire was given the attorney's name, but was not allowed to make any telephone calls. Desire then accompanied the deputies on a search of his home.

---

1. He also claims that his confession was induced by false promises and was not voluntary. In light of our decision on the *Miranda* issue, we need not, and do not, consider this claim.

Desire's partner and codefendant, Scott Graham, confessed and asked to speak with Desire. A meeting between the two was arranged in the presence of Deputy Belmontes. Graham told Desire that he had talked about everything that had been going on. Belmontes heard Desire ask Graham, "Did you tell him everything?" Belmontes then asked Desire if "he wanted to talk about anything," and Desire responded "yes," he would. Sergeant Kelsch was then summoned. Desire was reminded that he had previously asserted his *Miranda* rights and was readvised of those rights. Desire's subsequent taped confession was made five and one-half hours after his arrest. He was booked after making that statement and was only then permitted to make a telephone call.

## STANDARD OF REVIEW

■■ A denial of habeas corpus relief is reviewed de novo. *Norris v. Risley*, 878 F.2d 1178, 1180 (9th Cir.1989). This court reviews de novo whether a custodial statement must be suppressed on Fifth Amendment grounds. *United States v. Lucas*, 963 F.2d 243, 244–45 (9th Cir.1992).

## DISCUSSION

■ This case presents a straightforward application of *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Desire's invocation of his Fifth Amendment right to counsel and right to silence precluded a later waiver of those rights by further police-initiated questioning. As the Court said:

[W]hen an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights.... [A]n accused, ... having expressed his desire to deal with the police only through coun-

sel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.

*Edwards*, 451 U.S. at 484–85, 101 S.Ct. at 1884–85 (footnote omitted); *Lucas*, at 245–46. Recently, the United States Supreme Court in *Minnick v. Mississippi*, 498 U.S. 146, 111 S.Ct. 486, 490, 112 L.Ed.2d 489 (1990) (citation omitted), applauded the *Edwards* decision, stating that "[t]he merit of the *Edwards* decision lies in the clarity of its command and the certainty of its application. We have confirmed that the *Edwards* rule provides ' "clear and unequivocal" guidelines to the law enforcement profession.' " [2]

■ Desire clearly asserted his *Miranda* rights. He stated that he wanted an attorney and did not want to speak. He was given the name and number of the attorney who had tried to contact him, and thus he was aware that counsel might be available. *Cf. Moran v. Burbine*, 475 U.S. 412, 417, 421–22, 106 S.Ct. 1135, 1138, 1139–41, 89 L.Ed.2d 410 (1986) (defendant was unaware that an attorney retained by his sister was trying to contact him). While Desire invoked his rights, he was not permitted to actually consult with his attorney. The deputies did not allow the attorney to contact Desire, and he was not allowed to make a telephone call until after his confession.

■ By all accounts, Desire did not initiate further questioning by the police, but rather gave his confession in response to a direct question asked by Deputy Belmontes. Belmontes asked Desire if "he wanted to talk about anything." That questioning was a direct violation of Desire's rights. *Edwards*, 451 U.S. at 484–85, 101 S.Ct. at 1884–85. When a defendant has invoked his rights, the police cannot question him further, and cannot ask

---

**2.** The disposition of Desire's case, however, does not depend on the retroactive application of the new rule which was announced in *Minnick*, regarding questioning after a defendant has actually had an opportunity to consult with coun-

sel. 111 S.Ct. at 491. It rests solely on the principles of *Edwards*. *Cf. Greenawalt v. Ricketts*, 943 F.2d 1020, 1023–26 (9th Cir.1991) (*Minnick* announces new rule beyond *Edwards* and is not retroactively applicable).

whether he wants to talk about the case without his lawyer. *Smith v. Illinois*, 469 U.S. 91, 93, 105 S.Ct. 490, 491, 83 L.Ed.2d 488 (1984); *Shea v. Louisiana*, 470 U.S. 51, 52, 105 S.Ct. 1065, 1066, 84 L.Ed.2d 38 (1985). Yet that is exactly what the deputies did here. They acknowledged that Desire had invoked his *Miranda* rights, and even told Desire's attorney that no further questioning would occur. Nevertheless, Deputy Belmontes asked Desire whether he wanted to "talk about anything." This police-initiated questioning was clearly a violation of Desire's constitutional rights.

The government futilely argues that Deputy Belmontes' question was merely a response to Desire's statement to his partner during the police-arranged meeting. Yet even in a permissible [3] police-arranged meeting between the defendant and a third party, police-initiated questioning is prohibited. *See Arizona v. Mauro*, 481 U.S. 520, 527, 107 S.Ct. 1931, 1935, 95 L.Ed.2d 458 (1987). Moreover, Desire's statements to his partner cannot be said to be "further communication, exchanges, or conversations *with the police.*" *Edwards*, 451 U.S. at 485, 101 S.Ct. at 1885 (emphasis added).

Only a few subsidiary issues remain. Because Desire's statement was unconstitutionally elicited after he had invoked his rights to counsel and silence, it is irrelevant that Desire's subsequent confession was voluntary, if indeed it was. *See Edwards*, 451 U.S. at 484, 101 S.Ct. at 1885. In this context, voluntariness would only be an issue after it was established that the defendant asserted his rights and then initiated further conversation with the police. *Smith*, 469 U.S. at 98, 105 S.Ct. at 494. It is also irrelevant that Desire was read his *Miranda* rights for a second time before he confessed. *Edwards*, 451 U.S. at 484, 101 S.Ct. at 1885; *Lucas*, at 246–47. As we said in *Lucas* in evaluating similar factual circumstances, "[e]ven though [the defendant] was given a *Miranda* warning

again and his confession may have been voluntary, [he] did not initiate contact with the FBI and ... his unhonored request for counsel vitiates his subsequent decision to talk without counsel's presence." *Lucas*, at 247.

Moreover, it is irrelevant that Desire was a deputy sheriff. The protections of *Miranda* are afforded to every individual and do not depend on determinations of the individual's awareness of his Fifth Amendment rights. *Miranda*, 384 U.S. at 468–69, 86 S.Ct. at 1625. Assessments of "the knowledge the defendant possessed, based on information as to his age, education, intelligence, or prior contact with the authorities" do not change the guarantees afforded to the individual defendant. *Id.* No doubt those assessments are proper when we are attempting to decide whether a person has waived his rights when first given *Miranda* warnings. *Edwards*, 451 U.S. at 482, 101 S.Ct. at 1884. They have no application to a case where the rights have already been asserted. *Id.* at 484–85, 101 S.Ct. at 1884–85. Deputy sheriffs are no exception to these rules. Desire was entitled to the same protection of his Fifth Amendment rights as every other suspect.

Finally, the violation of Desire's rights cannot be said to be harmless error. The harmless error rule does apply to confessions obtained in violation of the Fifth Amendment. *Arizona v. Fulminante*, —— U.S. ——, 111 S.Ct. 1246, 1257, 113 L.Ed.2d 302 (1991); *Collazo v. Estelle*, 940 F.2d 411, 423–24 (9th Cir.1991) (en banc), *cert. denied*, —— U.S. ——, 112 S.Ct. 870, 116 L.Ed.2d 776 (1992). Under that rule, constitutional error is excused if the state "has proved 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.' " *Collazo*, 940 F.2d at 424 (quoting *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967)). That is, the error was unimportant in relation to every-

---

**3.** Desire argues that the meeting between himself and Graham was arranged by the deputies to deliberately elicit a confession. Because we find that the questioning itself violated Desire's rights, we need not reach this issue regarding the permissibility of the police-arranged meeting.

thing else the jury considered on the issue in question. *Id.*

The admission of Desire's confession cannot be said to be "unimportant" in relation to everything else the jury considered. Without that evidence, the prosecution would have had to prove its case with Graham's testimony and the testimony of three other witnesses. Those witnesses made it clear that Graham engaged in much illegal activity, but their testimony about Desire's involvement was much more tangential. Moreover, "[a] confession is like no other evidence." *Fulminante*, 111 S.Ct. at 1246. "'[T]he defendant's own confession is probably the most probative and damaging evidence that can be admitted against him.'" *Id.* (citation omitted). That was surely borne out here. The confession fully and deeply implicated him in the shakedowns he was accused of and in the cocaine offense. Given the probative value of Desire's confession, its admission in violation of *Edwards* cannot be said to have been harmless error. *See Collazo*, 940 F.2d at 424–26; *Lucas*, at 246–47. Desire's statements should have been suppressed because they were obtained in violation of his Fifth Amendment rights.[4]

### CONCLUSION

It is now over twenty-five years since the Supreme Court decided *Miranda* and over ten since it decided *Edwards*. Those cases did not merely adumbrate complex principles; their stentorian proclamations established some relatively simple bright line rules. Among them is the rule that every person, regardless of his background, is entitled to an attorney for the asking, and once asked all questioning by the police must stop. As a concomitant of that rule, questioning cannot recommence unless the person reinitiates it himself.

Those simple rules were violated in this case. We reverse the district court's denial of the petition for writ of habeas corpus. The case is remanded to the district court. It shall issue the writ and determine a

reasonable time in which the State of California shall retry the petitioner without using his confession as substantive evidence in its case in chief, or release him.

REVERSED AND REMANDED.

---

4. Desire also claims that he was denied a fair hearing in the state court because the trial court considered evidence outside the record that de-

prived him of due process. Based on our disposition of the case, we need not decide this issue.