988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anibal PASTOR-OLIVER, Defendant-Appellant.
 No. 92-30323.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided Feb. 25, 1993.
 
 Appeal from the United States District Court for the Eastern District of Washington, No. CR-92-71-FVS; Fred L. Van Sickle, District Judge, Presiding.
 E.D.Wash.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anibal Pastor-Oliver appeals the 24-month sentence imposed after his guilty plea to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Pastor-Oliver contends that the district court violated the Ex Post Facto Clause of the Constitution by increasing his base offense level under the 1991 amendment to U.S.S.G. § 2L1.2(b)(2) because of a prior conviction that occurred before the amendment's enactment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo whether a defendant's sentence violates the Ex Post Facto Clause. United States v. Kohl, 972 F.2d 294, 297 (9th Cir.1992).
 
 
 4
 The relevant facts are undisputed. On May 22, 1992, Pastor-Oliver pled guilty to being illegally in the United States on March 10, 1992 in violation of 8 U.S.C. § 1326. His base offense level was increased by sixteen levels under U.S.S.G. § 2L1.2(b)(2) (1991) because he was previously deported following a conviction, in January 1990, for possession of cocaine with intent to deliver (aggravated felony).[1]
 
 
 5
 Pastor-Oliver argues that his base offense level for illegal reentry cannot be increased under the 1991 version of U.S.S.G. § 2L1.2(b)(2) because the prior drug conviction was defined as a "felony" prior to the effective date of the amended Guidelines enactment. He therefore contends that because the drug offense was not considered an "aggravated felony" when he committed it, increasing his base offense level based on the 1991 version violates the Ex Post Facto Clause. We disagree.
 
 
 6
 An Ex Post Facto violation occurs if a law "imposes a punishment for an act which was not punishable at the time the act was committed, or which imposes punishment greater than the punishment prescribed when the act was committed." United States v. Patterson, 820 F.2d 1524, 1527 (9th Cir.1987); accord United States v. Ahumada-Avalos, 875 F.2d 681, 684 (9th Cir.) (no Ex Post Facto violation where sentence enhanced because of a prior drug conviction which occurred before enactment of the enhancement statute because the statute in effect at time of offense of conviction), cert. denied, 493 U.S. 837 (1989); United States v. Allen, 886 F.2d 143, 146 (8th Cir.1989) ("So long as the actual crime for which a defendant is being sentenced occurred after the effective date of the new statute, there is no ex post facto violation.").
 
 
 7
 Here, although Pastor-Oliver committed the prior drug offense before the enactment of the 1991 amendment to U.S.S.G. § 2L1.2(b)(2), this amendment was effective at the time he committed the instant offense. Accordingly, applying the 1991 version of U.S.S.G. § 2L1.2(b)(2) to the instant offense does not violate the Ex Post Facto Clause. See Ahumada-Avalos, 875 F.2d at 684; Patterson, 820 F.2d at 1527.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under the 1990 version of U.S.S.G. § 2L1.2(b)(1), Pastor-Oliver's prior drug conviction was classified as a "felony" which required a four level increase in the base offense level for the instant offense. See U.S.S.G. § 2L1.2(b)(1) (1990)