988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin Lunell COLLINS, Petitioner-Appellant,
v.
J.W. HUSKEY, Warden, Respondent-Appellee.
 No. 92-55538.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-91-0310-WDK, William D. Keller, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin Lunell Collins, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. He contends that the district court erred by finding that: (1) he was not denied his constitutional right to a jury drawn from a fair cross-section of the community; (2) he was not denied a fair opportunity to raise the issue in state court; and (3) he was not denied the effective assistance of either trial or appellate counsel. We review de novo the district court's decision on a habeas petition. Desire v. Attorney General of California, 969 F.2d 802, 804 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 Fair Cross-Section
 
 3
 Collins contends that he was denied his constitutional right to a jury drawn from a fair cross-section of the community. He claims that there were no African-Americans on his jury or on the jury panel.
 
 
 4
 The sixth amendment requires that panels be drawn from a source fairly representative of the community. Taylor v. Louisiana, 419 U.S. 522, 528 (1975). Nevertheless, there is "no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition." Id. at 538. The "point at which an accused is entitled to a fair cross-section of the community is when the names are put into the box from which the panels are drawn." Lockhart v. McCree, 476 U.S. 162, 174 (1985). The fact that a particular venire contains no representatives of a cognizable group does not mean that the system used to select that venire was discriminatory. See Taylor, 419 U.S. at 538.
 
 
 5
 In order to prevail on this claim, Collins would have to show that the manner of selection of the jury panels systematically excluded distinctive groups. See id. At the time of jury selection, Collins offered no evidence that the selection process was itself systematically discriminatory. Instead, he argued that there were no African-Americans on his jury or on the venire panel. The absence of a particular group from the venire does not mean that the system used to select the panel was discriminatory. See id. Therefore, the district court did not err by finding that Collins was not denied his right to a jury drawn from a fair cross-section of the community.
 
 
 6
 Collins also contends that he was not given a fair opportunity to challenge the composition of the panel in the state court. Collins' attorney moved to disqualify the jury. The district court asked Collins' attorney whether he had any evidence that the jury selection method was excluding ethnic minorities. Collins responded that he had no such evidence, but requested a continuance to investigate the matter. Both motions were denied.
 
 
 7
 The following day, after selection of the jury, in response to the judge's inquiry, Collins' attorney again stated that he did not have any evidence on the subject. Therefore, the district court did not err by finding that Collins had an adequate opportunity to present the issue to the state court.
 
 Ineffective Assistance of Counsel
 
 8
 Collins next contends that he was denied the effective assistance of trial counsel because his trial attorney failed to investigate the alleged systematic exclusion of African-Americans from jury venires in Norwalk, where Collins was tried.
 
 
 9
 The Supreme Court has set forth standards for judging ineffective assistance of counsel claims. See Strickland v. Washington, 466 U.S. 668, 688-94 (1984). First, a defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Id. at 688. In order to do this, a defendant must identify the acts or omissions that allegedly resulted from a failure of reasonable professional judgment. Id. at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of competent professional assistance. Id. Second, a defendant must affirmatively prove prejudice. Id. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The same standard applies to appellate representation. Alford v. Rolfs, 867 F.2d 1216, 1220 (9th Cir.1989).
 
 
 10
 Here, Collins' trial attorney made a timely challenge to the composition of the jury and pointed out that there were no African-Americans on the venire. In addition, when asked if he had any evidence to substantiate his allegation that African-Americans were being systematically excluded, he requested a continuance to investigate the subject. The trial court denied both the motion to disqualify the jury and the motion for continuance. The following day, in response to an inquiry by the trial judge, Collins' attorney stated that he had no evidence to present on the issue.
 
 
 11
 Collins argues that his attorney's failure to investigate the issue was contrary to reasonable professional judgment. However, Collins does not offer evidence that but for counsel's allegedly unprofessional conduct, Collins would have received a more favorable result. See Strickland, 466 U.S. at 694.
 
 
 12
 Moreover, the trial judge commented on several occasions that he had conducted numerous trials in Norwalk, and "the jury panels that [he had] seen in [that] courtroom [had] been remarkably representative of the ethnic diversity of Los Angeles County." Given the trial judge's disposition on the issue, it is unlikely that the outcome of the case would have been different. Therefore, Collins failed to meet his burden on the prejudice prong of the Strickland test, and the district court did not err by finding that his trial attorney was not ineffective. See id.
 
 
 13
 Collins also contends that his appellate attorney was ineffective because he failed to present newly discovered evidence of systematic exclusion of certain groups from the venire panels in Norwalk. As a general rule, under California appellate procedure, "documents not before the trial court cannot be included as part of the record on appeal and thus must be regarded as beyond the scope of appellate review." Pulver v. Avco Fin. Serv., 182 Cal.App.3d 622, 632 (Cal.Ct.App.1986).
 
 
 14
 Thus, Collins' appellate attorney cannot be faulted for failing to produce demographic statistics on the jury issue, because they were beyond the scope of appellate review. See id. Collins failed to meet his burden on either prong of the Strickland test regarding the performance of his appellate counsel. See Strickland, 466 U.S. at 694. The district court did not err by finding that Collins' appellate attorney was not ineffective. We affirm the district court's denial of Collins' habeas petition.
 
 
 15
 Collins' "Motion for Reconsideration of Release Pending Appeal F.R.A.P. § 27-2 and 18" is denied as moot.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3