9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hector Loya FLORES, Petitioner-Appellant,
v.
James H. GOMEZ; Attorney General of the State of
California, Respondents-Appellees.
 No. 92-56540.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 27, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Loya Flores, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his state convictions for second-degree murder and attempted murder with the use of a firearm. We review de novo, Desire v. Attorney General of California, 969 F.2d 802, 804 (9th Cir.1992), and we affirm.
 
 BACKGROUND
 
 3
 Flores was charged by information with murder, attempted murder and assault. He pleaded not guilty and was tried by a jury.
 
 
 4
 At trial, the prosecutor introduced the following evidence: On the evening of January 18, 1991, Luz Paredes was in Amelia's Bar in Wilmington, California. Carlos Toledo, who had entered the bar with defendant Flores, sat with Paredes at her table and wrote his telephone number in her address book. When Flores joined Paredes and Toledo, Paredes observed that Flores was carrying a gun. She knew his name because throughout the evening the band had been dedicating songs to Flores. Amelia Ramirez, the owner of the bar, also recognized Flores as a regular customer.
 
 
 5
 Jose Alejandro Garcia and his nephew Fernando Lagunas Garcia were also at Amelia's Bar that evening. Fernando Garcia saw Flores push Jose Garcia and confronted Flores regarding the incident. Fernando Garcia later rejoined his uncle, and they finished their drinks. Flores, accompanied by Carlos Toledo, followed the Garcias as they left the bar. He called to Jose Garcia, who moved toward him. Jose Garcia told Flores that he and his nephew did not want to fight. Flores drew his gun and fired several times, killing Fernando Garcia and injuring Jose Garcia.
 
 
 6
 Flores testified in his own defense that he had never been to Amelia's Bar and did not shoot the Garcias. In rebuttal, Carlos Toledo testified that he accompanied Flores to Amelia's Bar and that he saw Flores shoot the Garcias.
 
 
 7
 A jury convicted Flores of second-degree murder and attempted murder with the use of a firearm. He was sentenced to state prison for twenty-six years to life.
 
 
 8
 Flores contends that the district court erred in denying his habeas petition for the following reasons: (1) he was denied the effective assistance of trial counsel; (2) the prosecutor engaged in misconduct; (3) the trial court delivered erroneous jury instructions and considered improper evidence at the sentencing hearing; and (4) he was denied the effective assistance of appellate counsel. We reject these contentions.
 
 DISCUSSION
 I. Ineffective Assistance of Trial Counsel
 
 9
 To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Our review of counsel's performance is highly deferential, and we indulge in a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. Id. at 690.
 
 
 10
 Flores contends that trial counsel was ineffective because he failed to investigate, obtain witnesses and raise appropriate objections in order to discredit the testimony of Jose Garcia, a prosecution witness both at the preliminary hearing and at trial. The record discloses that trial counsel aggressively cross-examined Jose Garcia and called defense witnesses to testify that Flores was not in Amelia's Bar in order to impeach Jose Garcia's credibility. Trial counsel's performance was within the wide range of reasonable assistance. See Hughes v. Borg, 898 F.2d 695, 702 (9th Cir.1990).
 
 
 11
 Flores next contends that trial counsel was ineffective because he failed to file a motion to suppress Luz Paredes's address book as the fruit of an unlawful search. Because Flores lacked standing under California law to challenge the seizure of Paredes's address book, see People v. Hernandez, 245 Cal.Rptr. 513 (1988), his counsel was not ineffective in failing to file a motion to suppress.
 
 
 12
 Third, Flores contends that trial counsel was ineffective in failing to object to the prosecutor's misconduct in introducing Carlos Toledo's testimony during rebuttal because Toledo was available to testify during the case-in-chief. This contention is unsupported by the record. Toledo's presence at the preliminary hearing, which was held eight months prior to trial, did not establish his availability to testify during the case-in-chief.
 
 
 13
 Fourth, Flores contends that trial counsel was ineffective in not recalling him to the stand following Toledo's testimony, but does not indicate what he would have testified or how his testimony would have assisted his defense. The district court properly rejected this conclusory allegation of ineffective assistance. See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir.), cert. denied, 493 U.S. 869 (1989).
 
 
 14
 Fifth, Flores contends that trial counsel should have objected to the prosecutor's statement that his alibi defense was fabricated. Because the prosecutor properly argued from the evidence introduced at trial that Flores fabricated his alibi defense, see United States v. Hoelker, 765 F.2d 1422, 1426 (9th Cir.1985), cert. denied, 475 U.S. 1024 (1986), trial counsel was not ineffective in failing to challenge the prosecutor's statement.
 
 
 15
 Finally, Flores contends that trial counsel was ineffective because counsel should have objected to the trial court's jury instruction defining reasonable doubt to include the concept of imaginary doubt. This contention is contradicted by the record. The district court did not define the state's burden of proof to include the concept of imaginary doubt.
 
 
 16
 Moreover, even assuming that his counsel's performance was deficient, Flores's claim of ineffective assistance fails because he cannot establish prejudice. See Strickland, 466 U.S. at 691.
 
 II. Prosecutorial Misconduct
 
 17
 Prosecutorial misconduct warrants habeas relief only where the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986).
 
 
 18
 Flores contends that the state prosecutor committed misconduct by introducing Carlos Toledo's testimony during rebuttal and by arguing to the jury that Flores's alibi defense was fabricated. We reject Flores's allegations of prosecutorial misconduct for the reasons stated in the previous section.
 
 III. Trial Court Errors
 
 19
 Flores contends that the trial court committed prejudicial error by reading Jose Garcia's testimony to the jury out of Flores's presence. We disagree. The record discloses that the parties expressly waived their right to be present during the reading of the testimony.
 
 
 20
 Flores also contends that the trial court committed prejudicial error by considering evidence of Flores's use of a gun after sustaining a defense objection to documentary evidence of his gun purchase. The trial court's exclusion of documentary evidence of Flores's gun purchase did not preclude the court from considering the testimony of witnesses that he had used a gun in the commission of the offenses.
 
 
 21
 IV. Ineffective Assistance of Appellate Counsel
 
 
 22
 The same standard used to determine ineffective assistance of trial counsel applies to appellate counsel. Alford v. Rolfs, 867 F.2d 1216, 1220 (9th Cir.1989).
 
 
 23
 Flores contends that his appellate counsel was ineffective in failing to appeal the sufficiency of the identification evidence supporting his conviction. We affirm because Flores cannot establish that he was prejudiced by his appellate counsel's failure to appeal this issue. See Strickland, 466 U.S. at 697.
 
 
 24
 Flores also contends that appellate counsel was ineffective in failing to appeal the prosecutor's introduction of Carlos Toledo's testimony on rebuttal and the trial court's jury instructions defining reasonable doubt. We reject these contentions for the reasons previously stated.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3