12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Aaron Sonny GRICE, Petitioner-Appellant,
v.
Robert BORG, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 93-55059.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 3, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aaron Sonny Grice, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. We review de novo, Desire v. Attorney General of California, 969 F.2d 802, 804 (9th Cir.1992), and we affirm.
 
 BACKGROUND
 
 3
 Grice was convicted following a bench trial before the Los Angeles Superior Court of attempted murder, first degree burglary, residential robbery and attempted residential robbery. The court enhanced his sentence on account of his prior felony convictions and his habitual offender status.
 
 
 4
 Grice attempted to appeal nearly two months after the deadline for filing a notice of appeal had passed. The California Court of Appeal declined to file his untimely notice of appeal.
 
 
 5
 Grice then filed a habeas corpus petition in the California Supreme Court raising the following claims: (1) California Penal Code (CPC) Sec. 667(a), the statutory authority for the enhancement of his sentence on account of his prior felony convictions, was enacted in violation of the California Constitution; (2) the sentencing enhancements violated the ex post facto clause; (3) CPC Sec. 667.7, the habitual offender statute, is unconstitutionally vague; and (4) he was denied his due process right to appeal. The California Supreme Court denied his petition without comment.
 
 DISCUSSION
 I. Enactment of CPC Sec. 667(a)
 
 6
 Grice first contends that CPC Sec. 667(a), which was enacted as part of a voter initiative measure, was rendered inoperative under Article II, Section 10(b) of the California Constitution by the concurrent passage with a greater number of votes of a conflicting initiative measure. The district court properly found that Grice failed to state a cognizable claim for relief because he alleged only a violation of the California Constitution and not of federal law. See 28 U.S.C. Sec. 2254(a); Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir.1991).
 
 II. Ex Post Facto Clause
 
 7
 Grice contends that the trial court's enhancement of his sentence under CPC Secs. 667(a) and 667.7 violated the ex post facto clause because these statutes went into effect after he committed the prior offenses upon which the enhancements were based.
 
 
 8
 A law violates the ex post facto clause only if it (1) punishes as criminal an act that was not criminal when it was committed, (2) makes the punishment for a crime greater than when the crime was committed, or (3) deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 52 (1990).
 
 
 9
 Here, Grice concedes that sections 667(a) and 667.7 were in effect at the time he committed the current offenses. The trial court did not violate the ex post facto clause by considering offenses committed prior to the enactment of sections 667(a) and 667.7 in enhancing Grice's sentence for his current offenses. See id.; United States v. Ahumada-Avalos, 875 F.2d 681, 684 (9th Cir.), cert. denied, 493 U.S. 837 (1989).
 
 III. Constitutionality of CPC Sec. 667.7
 
 10
 Grice contends that CPC Sec. 667.7, which prescribes life imprisonment with or without parole for certain habitual offenders, is unconstitutionally vague and ambiguous on its face. In his habeas petition, Grice failed to identify any ambiguity in the statute or to specify in what manner the statute is vague. The district court properly rejected his bare allegation that section 667.7 is unconstitutional. See Featherstone v. Estelle, 948 F.2d 1497, 1500 (9th Cir.1991).
 
 IV. Denial of Right to Appeal
 
 11
 Finally, Grice contends that the California Department of Corrections violated his due process rights by denying him access to writing materials necessary to file a notice of appeal with the California Court of Appeal.[1]
 
 
 12
 "Where a state guarantees the right to a direct appeal, as California does, the state is required to make that appeal satisfy the Due Process Clause." Coe v. Thurman, 922 F.2d 528, 530 (9th Cir.1990).
 
 
 13
 Here, the trial court expressly advised Grice, who was represented by counsel, that he was required to file a notice of appeal within 60 days. Grice's habeas petition contains no allegations that he informed prison officials of his desire to file a notice of appeal or that the officials knowingly interfered with his right to appeal. Moreover, even assuming that Grice was denied access to writing materials, nothing in the record suggests that counsel was unable to file a notice of appeal. Accordingly, the district court properly found that Grice failed to allege sufficient facts to state an actionable claim for relief. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the respondents' request to submit this case on the briefs is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The respondents argue that federal habeas review of this claim is procedurally barred. Because the California Supreme Court's denial without comment of Grice's habeas petition cannot be construed as a denial on independent and adequate state procedural grounds, federal habeas review of the merits of this claim is not procedurally barred. See Hunter v. Aispuro, 982 F.2d 344, 348 (9th Cir.1992), cert. denied, 114 S.Ct. 240 (1993)