26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tolliver LYONS, Petitioner-Appellant,
v.
Peggy KIERNAN, and Dan Lungren, Attorney General of the
State of California, Respondents-Appellees.
Tolliver LYONS, Petitioner-Appellant,
v.
Peggy KIERNAN, et al., Respondents-Appellees.
 Nos. 93-17292, 93-17308.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided June 9, 1994.
 
 1
 Before: WALLACE, Chief Judge, CANBY, Circuit Judge, and KELLEHER,** District Judge.
 
 MEMORANDUM
 
 2
 Lyons was convicted in California state court of robbery and attempting to dissuade a witness. He filed two habeas corpus petitions pursuant to 28 U.S.C. Sec. 2254, raising three challenges to his incarceration. The magistrate judge determined that the second petition was not an abuse of the writ, consolidated the cases, and after careful analysis rejected each argument. The district court adopted the magistrate judge's findings and conclusions, and denied the petitions. This appeal followed. The district court had jurisdiction pursuant to 28 U.S.C. Sec. 2241(a). We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We affirm.
 
 
 3
 Lyons first argues that the trial court erred by giving a general intent instruction because dissuading a witness from testifying is a specific intent offense. Dissuading or attempting to dissuade a witness with force or threats of force violates California Penal Code Sec. 136.1, and is a specific intent offense. People v. Ford, 145 Cal.App.3d 985, 990 (1983). The State does not contest the fact that the trial court erred in giving a general intent instruction.
 
 
 4
 To prevail on this issue, Lyons must show more than an erroneous jury instruction. He must show that the erroneous instruction, when evaluated in the context of the instructions as a whole, "so infected the entire trial that the resulting conviction violates due process." Prantil v. California, 843 F.2d 314, 317 (9th Cir.1988) (Prantil ), cert. denied, 488 U.S. 861 (1988). Lyons must show that the general intent instruction, when analyzed in conjunction with all other instructions, would allow the jury to convict him without finding that he had the specific intent to dissuade a witness from testifying.
 
 
 5
 The challenged instruction advised the jury that to find Lyons guilty of dissuasion or attempted dissuasion, they must find "a union or joint operation of act or conduct and general criminal intent." The instruction explained that general criminal intent does not require "an intent to violate the law" but only that "a person intentionally do[ ] that which the law declares to be a crime."
 
 
 6
 In this case, the conduct "which the law declares to be a crime" was explained to the jury in the following instruction:
 
 
 7
 Every person who knowingly and maliciously attempts to prevent or dissuade any witness or victim from attending or giving testimony at any proceeding authorized by law and to accompany such act with force or an express or implied threat of force or violence upon the witness or victim is guilty of the crime of dissuading a witness in violation of Penal Code Section 136.1, Sub. (a), Sub. (c), Sub. (1).
 
 
 8
 The court instructed the jury that "maliciously" meant "a wish to vex, annoy, or injury another, or an intent to do a wrongful act." The court also instructed the jury that they must find each of the following:
 
 
 9
 One, a person was a witness or victim to a proceeding authorized by law; two, an attempt was made to prevent or dissuade such person from testifying at the proceeding; three, the act was accompanied by force or an express or implied threat of force or violence upon such person.
 
 
 10
 Taking these instructions as a whole, the jury was instructed that it must find that Lyons intentionally performed an act that amounted to a knowing and malicious attempt to dissuade a witness from testifying. The requirement that the jury actually find that Lyons have attempted to dissuade the witness from testifying necessarily incorporates specific intent into the general intent instruction. Therefore, because the instructions taken as a whole, require the jury to find specific intent, Lyons was not convicted in violation of due process. See Prantil, 843 F.2d at 317.
 
 
 11
 Lyons next argues that he received ineffective assistance of counsel because his attorney did not investigate the facts surrounding Crowell's mental illness or move to have him examined by a psychiatrist to test his credibility. Because Crowell, the victim, was the only person who could identify Lyons, his credibility was a critical issue. Lyons is essentially arguing that counsel should have called an expert to testify that because of his mental condition, Crowell was not a credible witness.
 
 
 12
 To succeed on this claim, Lyons must show that counsel's performance fell below objective standards of reasonableness and that but for the substandard performance the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 687-96 (1984).
 
 
 13
 During cross-examination, counsel elicited testimony from Crowell that he was taking Valporic Acid for manic-depression, that he had previously held back that information, and that at one time he had hallucinated about working for Ed Meese and the FBI. Counsel reviewed this testimony during closing argument, strongly suggesting that Crowell was not a credible witness. In light of these efforts, an expert's opinion that Crowell was not a credible witness would have been largely redundant. Lyons has, therefore, failed to show either that counsel's performance fell below an objective standard of reasonableness or that it affected the outcome of the trial. Id.
 
 
 14
 Finally, Lyons argues that his sentence enhancement for recidivism amounts to an ex post facto punishment because his prior crimes occurred before the enactment of the enhancement statute, California Penal Code Sec. 667. This argument is without merit. Statutes, such as section 667, that enhance punishment for present offenses because of prior criminal convictions do not violate the ex post facto clause, even if the prior convictions occurred before the enactment of the statute. Gryger v. Burke, 334 U.S. 728, 732 (1948); United States v. Ahumada-Avalos, 875 F.2d 681, 684 (9th Cir.1989), cert. denied, 493 U.S. 837 (1989).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation