39 F.3d 1186
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory BRYANT, Petitioner-Appellant,
v.
E.R. MYERS, Warden, Respondent-Appellee.
 No. 94-15684.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory Bryant, a California state prisoner, appeals pro se the district court's denial of his habeas corpus petition pursuant to 28 U.S.C. Sec. 2254. Bryant contends that the California court's retroactive application of a judicial decision violated his due process rights under the Ex Post Facto Clause and the Equal Protection Clause. We have jurisdiction under 28 U.S.C. Secs. 2253 and 1291 and review de novo a district court's habeas corpus decision. See Desire v. Attorney General of California, 969 F.2d 802, 804 (9th Cir.1992). We affirm.
 
 I. BACKGROUND
 
 3
 Following a series of burglaries from April to June 1986, Bryant was convicted of various counts of burglary and receiving stolen property. In February 1987, the California Superior Court sentenced Bryant to an aggregate prison term of fifteen years and four months. Because of Bryant's serious felony conviction of residential burglary in 1982, the court imposed a five-year enhancement pursuant to California Penal Code Secs. 667(a) and 1192.7(c).
 
 
 4
 Bryant appealed and claimed, inter alia, that the trial court erred in imposing the five-year sentence enhancement because the precise nature of his prior conviction could not be proven by "the judgment and matters necessarily adjudicated" as required by People v. Alfaro, 42 Cal.3d 627, 636 (1986). The California Supreme Court subsequently overruled Alfaro and held that the trial court may look to the entire record of the conviction to determine the nature of a prior conviction. People v. Guerrero, 44 Cal.3d 343, 345 (1988). "Following the dictates of Guerrero," the California Court of Appeal affirmed Bryant's five-year sentence enhancement. The California Supreme Court summarily denied Bryant's habeas corpus petition.
 
 
 5
 In 1992, Bryant filed his federal habeas petition. Bryant contended that the retroactive application of Guerrero violated his due process rights. The district court denied Bryant's habeas corpus petition.
 
 II. ANALYSIS
 Due Process
 
 6
 A state court's interpretation or application of its sentencing provisions is a question of state law and is not within the province of a federal habeas court. Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989) (qualification of a "serious felony" under California's sentence enhancement provisions raises no federal habeas question). However, when a state court applies its law retroactively, it raises due process concerns analogous to the ex post facto limitations on the retroactive application of criminal statutes. See Bouie v. City of Columbia, 378 U.S. 347, 353 (1964) (a state court's retroactive application of judicially expanded statutory definition of trespass violates due process); see also Oxborrow v. Eikenberry, 877 F.2d 1395, 1399-40 (a state court's retroactive application of its sentencing law may be "an ex post facto broadening of the sentencing statute"). Only "a radical and unforeseen departure from prior law" may implicate the Ex Post Facto Clause and violate due process. United States v. Walsh, 770 F.2d 1490, 1492 (9th Cir.1985) (citations omitted); see also Hughes v. Borg, 898 F.2d 695, 704-05 (9th Cir.1990) (a judicial decision presents no unforeseeable departure when the prior law provides a fair warning of the possible result); Oxborrow, 877 F.2d at 1399-40 (judicial construction of a criminal statute is foreseeable when the plain language of the statute envisions the possibility of a particular sentence). Further, an accused cannot rely on an unsettled law for a particular outcome. See Walsh, 770 F.2d at 1492; see also People v. Carr, 204 Cal.App.3d 774, 779 (1988) (no due process violation when Guerrero is retroactively applied to a defendant who committed his crime before the California Supreme Court's decision in Alfaro ).
 
 
 7
 California Penal Code Secs. 667(a) and 1192.7(c) themselves provide a fair warning that burglary of a residence constitutes a serious felony for enhancement purposes. See Cal.Penal Code Secs. 667(a) and 1192.7(c) (1986).[1] There is no dispute that the verdict form indicated that Bryant's 1982 conviction was of a residential burglary. Thus, Bryant was on notice at the time he committed his 1986 crime that the five-year enhancement might be applied to him. See Hughes, 898 F.2d at 704-05; Oxborrow, 877 F.2d at 1400. Further, Bryant committed his crime in 1986 prior to the California Supreme Court's decision in Alfaro; thus, he could have not reasonably relied on Alfaro. See Walsh, 770 F.2d at 1492; Carr, 204 Cal.App.3d at 778-79.
 
 Equal Protection
 
 8
 "[O]nce a state has established a law, it must be applied even-handedly." La Rue v. McCarthy, 833 F.2d 140, 142 (9th Cir.1987) (citing Johnson v. Arizona, 462 F.2d 1352, 1354 (9th Cir.1972)), cert. denied, 485 U.S. 1012 (1988). Allegation of uneven application must be supported by evidence. Id.
 
 
 9
 Bryant contends that the California court's retroactive application of Guerrero denies him equal protection of the law. However, Bryant fails to cite any fact to support his allegation. See id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 California Penal Code Sec. 1192.7(c) previously read that "a 'serious felony' means burglary of a residence." In 1986, the language was changed to "burglary of an inhabited dwelling house." 1986 Cal.Stat. 489 Sec. 1