46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julian CORTEZ-CONTRERAS, Defendant-Appellant.
 No. 94-30296.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 23, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julian Cortez-Contreras appeals his conviction by jury of conspiracy and possession with intent to distribute methamphetamine in violation of 21 U.S.C. Secs. 841(a)(1), (b)(1)(a). Cortez-Contreras claims the conspiracy charge in the indictment was fatally defective because it was imprecise as to the time of the conspiracy. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 We review de novo the sufficiency of an indictment. United States v. Ahumada-Avalos, 875 F.2d 681, 683 (9th Cir.), cert. denied, 493 U.S. 837 (1989). "An indictment must inform the defendant of 'the nature and cause of the accusation,' " United States v. Tavelman, 650 F.2d 1133, 1137 (9th Cir.1983) (quoting U.S. Const. amend. VI), alleging enough information "to ... ensure that the defendant [was] prosecuted on facts presented to the Grand Jury," United States v. Cecil, 608 F.2d 1294, 1297 (9th Cir.1979) (per curiam), and to "enable him to plead jeopardy against a later prosecution," United States v. Laykin, 886 F.2d 1534, 1542 (9th Cir.1989), cert. denied, 496 U.S. 905 (1990).
 
 
 4
 Cortez-Contreras complains that Count I of the indictment against him, like the charge we held infirm in Cecil, specifies no time frame for the conspiracy of which he was convicted. We disagree.
 
 
 5
 The language we criticized in Cecil was "open-ended in both directions," charging a conspiracy "beginning on or before July, 1975 and continuing thereafter until on or after October, 1975." Id. In contrast, the indictment here charged a conspiracy "beginning on an unknown date, but at least between the dates of May 1993 and January 10, 1994." It is immaterial that the charge does not pinpoint the date the conspiracy began because it serves to inform the defendant that the grand jury was presented with facts showing criminal activity between two specific dates. We hold this charge sufficient. See Ahumada-Avalos, 875 F.2d at 683.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3