**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30257 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00245-RSL-1 |
| v. | |
| DEVAUGHN DORSEY, also known as Buster, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted June 4, 2019
Seattle, Washington

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

Devaughn Dorsey ("Dorsey") appeals the district court's denial of his

motion for a new trial and his motions for an evidentiary hearing. Dorsey

challenges his convictions for one count of Witness Tampering and one count of

Discharging a Firearm During and in Relation to a Crime of Violence, both for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

firing gunshots into the home of a witness scheduled to testify against him in a grand jury investigation. Dorsey moved for a new trial and for an evidentiary hearing based on the recantations by two trial witnesses and declarations from other witnesses supporting those recantations. The district court denied both motions. Dorsey argues the district court erred in considering cell tower data that had been presented at trial in denying his motion because that data was collected pursuant to a provision of a statute which did not require a warrant and which was later held to be unconstitutional. Dorsey also argues the district court abused its discretion in denying his motion for an evidentiary hearing.

This court reviews the denial of "a motion for a new trial made on the ground of newly discovered evidence for abuse of discretion." *United States v. Brugnara*, 856 F.3d 1198, 1206 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 409, 199 L. Ed. 2d 301 (2017) (citing *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc)). The court also reviews the denial of a request for an evidentiary hearing on a motion for new trial for abuse of discretion. *United States v. Colacurcio*, 499 F.2d 1401, 1407 (9th Cir. 1974).

Dorsey argues the court should exclude the cell tower data because the government obtained the data in 2008 with a court order under a provision of the Stored Communications Act ("SCA"), 18 U.S.C. § 2703(d), which did not require

a warrant and probable cause. Under the SCA, the government needed to demonstrate only a reasonable belief that the data was relevant and material to an ongoing investigation. 18 U.S.C. § 2703(d). In 2018, the Supreme Court decided such searches violate the Fourth Amendment and held "the Government must generally obtain a warrant supported by probable cause before acquiring" historical cell-site location information. *Carpenter v. United States*, 138 S. Ct. 2206, 2221, 201 L. Ed. 2d 507 (2018).

This court has previously applied the good faith exception to requests for historical cell tower data made to third parties under the SCA. Under *Illinois v. Krull*, 480 U.S. 340, 107 S. Ct. 1160, 94 L. Ed. 2d 364 (1987), "[e]vidence obtained by the Government, acting in 'objectively reasonable reliance upon a *statute*' that is 'ultimately found to violate the Fourth Amendment,' does not require suppression." *United States v. Korte*, 918 F.3d 750, 758 (9th Cir. 2019) (quoting *Krull*, 480 U.S. at 342, 350 (emphasis original)). "[I]t is hardly objectively unreasonable to rely on a then-lawful statute when courts were upholding it or similar legislative schemes." *Id*. (citing *Krull*, 480 U.S. at 358–59).

The officers collected the data in 2008 in a manner which complied with the statute and at the time there was no challenge to the statute as being infirm. *See*

3

*United States v. Qing Li*, 2008 WL 789899, at *3, *5 (S.D. Cal. Mar. 20, 2008); *see also United States v. Ahumada-Avalos*, 875 F.2d 681, 683 (9th Cir. 1989).

Dorsey cites out-of-circuit cases to support his argument: *United States v. Davis*, 754 F.3d 1205 (11th Cir. 2014), *vacated and reh'g en banc granted*, 573 F. App'x 925 (11th Cir. 2014), *opinion reinstated in part and reh'g en banc in part*, 785 F.3d 498 (11th Cir. 2015); and *In re U.S. for an Order Directing a Provider of Elec. Commc'n Serv. to Disclose Records to the Gov't*, 534 F. Supp. 2d 585 (W.D. Pa. 2008), *aff'd*, No. 07-524M, 2008 WL 4191511 (W.D. Pa. Sept. 10, 2008), *vacated sub nom. In re Application of U.S. for an Order Directing a Provider of Elec. Commc'n Serv. to Disclose Records to Gov't*, 620 F.3d 304 (3d Cir. 2010). These out-of-circuit cases would not have put a reasonable officer in Washington State on notice that his conduct may violate the Fourth Amendment. *See United States v. Leon*, 468 U.S. 897, 919–20, 104 S. Ct. 3405, 3419 (1984).

Because we find the government reasonably relied on the SCA when it obtained the cell tower data, we apply the Fourth Amendment's good-faith exception and will not exclude the cell tower data. *Korte*, 918 F.3d at 758. The district court did not err in considering the cell tower data in deciding the motion.

Dorsey argues also that the district court abused its discretion when it declined to hold an evidentiary hearing before denying his motion for a new trial.

Dorsey argues that "[a]bsent the unconstitutionally seized evidence, Dorsey's motion for new trial should not have been decided without an evidentiary hearing." As discussed above, the good faith exception applies and the district court did not err in considering the cell tower data.

Further, the district court determined that even absent the testimony of the recanting witnesses, it was not probable that the jury would have reached a different verdict because the cell tower data showing Dorsey tried to create a false alibi just after the shooting, near the scene of the shooting, was the most compelling evidence against him. "[N]ewly discovered evidence is 'material' when the result of the newly discovered evidence is that 'a new trial would probably result in acquittal . . . .'" *Hinkson*, 585 F.3d at 1284 (citing *United States v. Krasny*, 607 F.2d 840, 845 n.3 (9th Cir. 1979)). Finally, the district court presided over the trial and noted it had the opportunity to assess the witnesses' credibility at the time and it did not need to hear the witnesses recant in a hearing to decide their recantations were not more credible than their trial testimony. The district court was not required to hold an unnecessary hearing. *Colacurcio*, 499 F.2d at 1407.

The district court did not abuse its discretion in denying Dorsey's motion for an evidentiary hearing.

**AFFIRMED.**